# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

BETTY JEAN COLE, *et al.*,  )
  )
    Plaintiffs,  )
  )
v.  )  Case No. 03-CV-327-GKF-TLW
  )
ASARCO INCORPORATED, *et al.*,  )
  )
    Defendants.  )

## **OPINION AND ORDER**

Before the court is the Motion for Leave to Amend their Fifth Amended Complaint (Dkt. #401) of the plaintiffs.

In the more than seven year period that this law suit has been pending, the plaintiffs have amended their complaint five times. (Dkt. #76, 219, 296, 325, 344). The December 3, 2010, deadline for submission of amendments to the pleadings was fixed by the agreement of both parties and given effect in the court's Scheduling Order of August 27, 2009. (Dkt. #305). Plaintiffs filed this motion to amend out of time, on December 6, 2010. (Dkt. #401).

Under Fed.R.Civ.P. 15(a)(2) after a party has once amended its pleadings, it may again amend its pleadings "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The Supreme Court has clarified that "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

"The decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion, Fed.R.C.vi.P. 15(a), and will not be disturbed absent an abuse of that discretion." *Woolsey v. Marion Lab., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991) (citations omitted). "While prejudice may be one ground justifying a denial of leave to amend, such a showing is not necessary. Indeed, 'untimeliness alone may be a sufficient basis for denial of leave to amend.'" *Id.* (citing *Las Vegas Ice and Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir.1990)). Delay is generally measured from the filing of the complaint, or from the time when the facts necessitating the amendment became known to the moving party. *See Broom v. Springs Global U.S., Inc.*, 2010 WL 4362851, *2 (N.D. Okla. 2010); *Hayes v. New England Millwork Distrib., Inc.*, 602 F.2d 15, 19-20 (1st Cir. 1979); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). "Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Woolsey*, 934 F.2d at 1462 (citations omitted). If a party offers no explanation for the delay, this is "another factor supporting a denial of leave to amend." *Id.*

Plaintiffs attempt to excuse their late motion to amend by arguing that counsel was attending a pretrial conference in California for another case on the deadline date of December 3, 2010. Plaintiffs do not explain why they could not have filed their motion prior to the pretrial conference. Plaintiffs argue that their delay was excusable because there was no action in this case for a period of time, and that the nature of the suit fundamentally changed on April 2, 2009, when this court denied class certification. However, these factors do not excuse or explain the twenty-month delay in filing this amendment between April 2, 2009, and December 6, 2010. Plaintiffs do not claim that any additional facts arose during that period to justify the amendment, and make no attempt to explain why it was not possible for the proposed amendment to be offered during that period. The

chief virtue of deadlines is that they provide a clear limit on the time to be spent on each aspect of litigation, and adherence to them is necessary to keep litigation progressing forward. This court declines to adjust the deadline, which the court ordered upon agreement of the parties, without reason.

In addition to the lateness of this motion, the prejudice that could result from allowing amendment weighs against permitting it. Defendants allege, and plaintiffs do not dispute, that the current expert reports and responses to interrogatories they have received make no mention of public nuisance claims.[1] Thus, if plaintiffs were permitted to amend their claims, a new round of costly discovery would need to be conducted, and new expert reports obtained. Moreover, the parties may need to re-brief the motion for summary judgment, which is premised on the existing complaint, discovery, and reports. The court finds that this prejudice to the defendants further weighs against granting leave to amend out of time.

Plaintiffs argue that their delay is immaterial because defendants were put on notice of the public nuisance claims through the Third Amended Complaint. The Third Amended Complaint pleads that the defendants "endangered the comfort, repose, health, or safety of Plaintiffs, in violation of 50 Okl.St.Ann. § 1.1 *et. seq.,*" and that the defendants "rendered Plaintiffs insecure in their lives or in the use of their property, in violation of 50 Okl.St.Ann. § 1.1 *et. seq.*" (Dkt. #296, p.15).[2] 50 O.S. § 1.2 defines a public nuisance as "one which affects at the same time an entire community or neighborhood, or any considerable number of persons." The plain language of the

---

[1] Both parties argue that ongoing delays in discovery are due to dilatory tactics by the other side. The court makes no findings on that issue.

[2] Although plaintiffs premise their argument on the language of Count Two of the Third Amended Complaint, the court notes that the language in that section remains identical through the Fourth and Fifth Amended Complaints.

complaint alleges individualized injury to the plaintiffs, their lives, and their property. There is no reference to a public nuisance which affects a community, neighborhood, or considerable number of persons besides the plaintiffs themselves. While the most recent complaint makes numerous references to private nuisance, nowhere does the phrase "public nuisance" appear. Thus the complaint pleads a basis for private, but not public nuisance.

The complaint's citation to 50 O.S. §1.1 *et. seq.* is too broad to provide notice of public nuisance claims, because that chapter of the Oklahoma Statutes includes sections relating to private nuisance, public nuisance, and various specific nuisances such as agricultural nuisances, slaughterhouses, and cemeteries. The court warned plaintiffs of the deficiency of their pleading, and noted that the Third Amended Complaint's "statutory citation appears to be erroneous, as 50 O.S. §1.1 address agricultural activities as nuisances." (Dkt. #320, p.9, fn.7). This defect was never cured by the plaintiffs in subsequent amendments. The failure to cure a defect in a claim is another factor that weighs against allowing leave to amend. *Foman*, 371 U.S. at 182.

Plaintiffs further argue that the defendants were put on notice of the public nuisance claims through plaintiffs' Motion to Sever the Claims of Plaintiffs the City of Picher, Oklahoma and the City of Cardin, Oklahoma, which states that the lawsuit "includes claims for both public and private nuisance." (Dkt. #313, p.2). The defendants' response to this motion, however, demonstrates that they did not read the complaint to contain a public nuisance claim:

> "Plaintiffs' Third Amended Complaint does not contain a public nuisance claim asserted on behalf of any Plaintiff. The term 'public nuisance' is not even mentioned in the Third Amended Complaint (unlike 'private nuisance,' which is referenced numerous times, see, e.g., ¶¶ 44-46). Nor are there any factual allegations in Plaintiffs' Third Amended Complaint that even arguably fall within the statutory definition of 'public nuisance' in 50 Okla. Stat. Ann. § 2."

(Dkt. #314, p.4). The plaintiff's motion to sever was found moot (Dkt. #321) in light of the court's Opinion and Order (Dkt. #320) granting in part a separate motion to dismiss of the defendants. The court did not determine whether the plaintiff pleaded public or private nuisance, but "the court observe[d] that the Third Amended Complaint does not allege any 'actual obstruction of a public right'" necessary for a public nuisance claim that has no statute of limitations. (Dkt. #320, p.9-10). Viewing these circumstances as a whole, the court cannot say that the defendants were, or should have been, on notice that the plaintiffs were alleging a public nuisance.

The court holds that, due to the unexcused and protracted delay in filing this amendment, the failure of plaintiffs to cure deficiencies in their complaint, the lack of new evidence justifying an amendment, and the danger of undue prejudice to the opposing party if amendment is allowed, the interests of justice are best served by denying the motion to amend.

WHEREFORE, the plaintiffs' Motion for Leave to Amend their Fifth Amended Complaint (Dkt. #401) is denied.

IT IS SO ORDERED this 3rd day of May, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma